UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ACADIAN DIAGNOSTIC  CIVIL ACTION
LABORATORIES, LLC

VERSUS

QUALITY TOXICOLOGY, LLC  NO: 16-00176-BAJ-EWD

## RULING AND ORDER

Before the Court is Quality Toxicology, LLC's ("Defendant") **Motion for a New Trial (Doc. 133).** Acadian Diagnostic Laboratories, LLC ("Plaintiff") opposes the motion. (Doc. 140). Oral argument is not required. For the reasons stated below, Defendant's motion is **DENIED.**

I.  BACKGROUND

This matter arises out of circumstances which have been previously set forth in the Court's Order addressing Plaintiff's Motion for Partial Summary Judgment (Doc. 76). In short, Plaintiff claimed that Defendant breached contracts relating to several business agreements for the referral and testing of urine samples. (Doc. 76). At the trial, the jury returned a verdict in favor of Plaintiff, and awarded damages in the amount of $635,032.23 and $269,706.50 for breaches of contractual obligations. (Doc. 105).[1] Defendant now brings a motion for a new trial.

---

[1] Judge James J. Brady presided over the trial.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a)(1)(A) provides that the court "may, on motion, grant a new trial on all or some of the issues – and to any party – . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The decision to grant or deny a motion for new trial is within the sound discretion of the trial court . . ." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

## III. DISCUSSION

### A. Testimony of John McFadden

Defendant claims that this Court erred when it declined to allow the jury to consider the testimony of John McFadden. (Doc. 133-1 at par. 1). The Court barred any mention during trial of Toxnet Diagnostic Laboratories ("Toxnet"), which is alleged to be a company started by current employees of Acadian Diagnostic Laboratories, LLC and prior employees of Quality Toxicology, LLC. (Doc. 97 at pp. 4-5). The Court reasoned that the mention of Toxnet would be unduly prejudicial to Plaintiff, and a waste of time under Fed. R. Evid. 403. (*Id.* at p. 5).

The Court heard McFadden's proffered testimony, the subject of which was Toxnet, and the circumstances surrounding its creation. (Doc. 114). Despite Defendant's request, the Court declined to reconsider its prior ruling on the admissibility of evidence relating to Toxnet. (*Id.* at p. 14).

The grant or denial of a motion in limine is fully within the discretion of the trial Court. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). Having

2

found that the proffered testimony pertained to Toxnet, the Court declined to allow McFadden to testify. Defendant offered no further justification for the admission of testimony, which covered topics previously barred by the Court's ruling on Plaintiff's motion in limine. (Doc. 97). Plaintiff's request for a new trial based on the exclusion of McFadden's proffered testimony is DENIED.

## B. Jury Instructions

Defendant next claims that the Court misrepresented certain statements as "established facts" when it instructed the jury that Plaintiff referred urine samples to Defendant in 2013. (Doc. 113 at p. 103). Defendant claims that the testimony of Kevin Hanley, owner of Acadian Diagnostic Laboratories, LLC, directly contradicted this statement. (*Id.*).

This argument lacks merit. Presumably after reviewing the evidence and the proposed testimony of Hanley, the parties submitted a document titled "Proposed *Joint* Jury Instructions, Jury Interrogatories, Verdict Form and Special Voir Dire." (Doc. 87) (emphasis added). In this joint filing, under the title "Summary of the Court's Prior Rulings on Plaintiff's Claims," the parties submitted:

> The Court has already determined that, in 2013, Acadian and QT entered into a verbal referral agreement whereby Acadian would refer urine specimens to QT for testing services to be performed at QT's laboratory [. . .] QT provided Acadian with monthly collection reports on Acadian Referred Specimens from the time the parties entered into the Agreements in 2013 through October 2013. QT, through Medcross, *collected payments on Acadian Referred Specimens*. However, Acadian only received payments from QT until December 2013. (Doc. 87 at p. 6) (emphasis added).

3

The parties themselves claimed it was an established fact that payments were collected on the Acadian Referred Specimens, indicating that specimens were in fact referred to Defendant. Furthermore, the parties acknowledged that such information was already the subject of the Court's prior ruling. (*Id.*). Finally, prior to the instructions being presented to the jury, the Court discussed the proposed jury instructions and solicited objections. (Doc. 113 at pp. 101-105). Having heard Defendant's objections to various portions of the jury instructions, the Court declined to re-charge the jury. Given the joint submissions provided by the parties (Doc. 87 at p. 6), the Court finds that the jury instructions were appropriate. Defendant's request for a new trial based on the content of the Court's instructions to the jury is DENIED.[2]

### C. Verdict Form

Finally, Plaintiff claims that there were certain terms that should have been defined on the jury verdict form. The Court directed the parties to supply a joint verdict form. (Doc. 18). Both parties reviewed the language of the jury verdict form when it was prepared. At no point prior to the form's submission to the jury did Defendant request that it be amended to add clarity or specificity regarding certain terms. This issue should have been addressed prior to jury deliberations. It was not, and the Court will not now alter what the parties had ample opportunity to fix prior to the submission of the form to the jury.

---

[2] During the trial, Defendant also objected to the Court not allowing Defendant the opportunity to challenge the jury instructions prior to the instructions being presented to the jury under Rule 51. (Doc. 113 at p. 99). The Court addressed Plaintiff's concerns at that time, and found no reason to re-charge the jury. (*Id.* at p. 105). As Defendant only raised specific challenges to the language of the jury instruction in the motion *sub judice*, the Court declines to opine on any issues related to the Rule 51 motion urged at trial.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for a New Trial (Doc. 133)** is **DENIED.**

Baton Rouge, Louisiana, this **6th** day of September, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**