# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ACADIAN DIAGNOSTIC LABORATORIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **QUALITY TOXICOLOGY, LLC** | **NO: 16-00176-BAJ-EWD** |

## RULING AND ORDER

Before the Court is **Plaintiff's Re-Urged Motion for Award of Attorney's Fees (Doc. 149)**, seeking an order from this Court awarding attorney's fees in the amount of $296,703.75. The motion is unopposed.

**I.     Background**

This is Plaintiff's second motion for attorneys' fees. On December 20, 2019, the Court issued a ruling and order granting in part and denying in part Plaintiff's first motion for attorneys' fees. (Doc. 148). The Court found that Plaintiff had provided sufficient evidence of the amount of hours expended on preparation of the case. However, Plaintiff failed to provide sufficient evidence concerning the hourly rates of the attorneys and assistants seeking fees for services. Specifically, the Court found that Plaintiff had not provided evidence of the prevailing rates of attorneys practicing similar law in *this* District, which is an essential component of the Court's analysis of an award of attorney fees in this circuit. Plaintiff was provided one final opportunity to correct the deficiencies in its motion and was ordered to file the requisite supplemental documentation no later than January 17, 2020. (*Id.*).

Plaintiff filed the instant motion on that date. Because the Court previously found that Plaintiff provided sufficient evidence of the reasonable amount of hours spent preparing the case, the analysis herein will pertain only to whether the hourly rates are proper.

## II. Analysis

"The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* The factors which justify an upward or downward adjustment of the lodestar fee are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

A. **Reasonable Hourly Rate**

As noted, the "lodestar fee" is calculated "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* (quotation marks omitted). An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078-79 (5th Cir. 1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys . . . ." (quotation marks and alterations omitted)). The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with the prevailing market rate. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Instead, "[t]o inform and assist the court in [determining the reasonable rate]," the fee applicant should produce an affidavit of the attorney performing the work, information of rates

3

actually billed and paid in similar lawsuits, *see Blum,* 465 U.S. at 896 n.11, as well as "affidavits of other attorneys practicing [in the community in question]." *Tollett*, 285 F.3d at 368. S*ee, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community"). In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate. *Kellstrom*, 50 F.3d at 328.

Plaintiff seeks attorney fees for J. Wendell Clark at a billing rate of $300.00 per hour, attorney fees for Sharon Whitlow at a billing rate of $225.00 per hour, attorney fees for Mark L. Barbre at a billing rate of $225.00 per hour, attorney fees for associates at a billing rate of $175.00 per hour, fees for law clerks at a rate of $35.00 per hour, and fees for paralegals at a rate of $75.00 per hour.

Plaintiff has submitted three declarations, which aver that the hourly rate charged by attorneys engaged in commercial litigation during the past five years in the Middle District of Louisiana has ranged from $500.00 per hour for senior partner-level attorneys to $230.00 per hour for attorneys with more than ten years of experience. (Doc 149 at 3-5). The declarations contend that the rates of $300.00 per hour for J. Wendell Clark and $225.00 per hour for Mark Barbre and Sharon Whitlow are well within the normal range of compensation charged for such legal services. (*Id.*). As evidence of the reasonableness of the rates, Plaintiff also directs the Court to Middle District of Louisiana opinions with similar legal issues where attorneys

were awarded fees comparable to their years of experience. (Doc. 149-1 at 2-3 (citing *Pilkington N. Am., Inc. v. Smith*, 2014 WL 6633096, at *1 (M.D. La. Nov. 21, 2014); *Alonso v. Westcoast Corp.*, 2017 WL 4176973, at *7 (M.D. La. Sept. 21, 2017)).

Based on the evidence presented and the applicable law, the Court is satisfied with the evidence Plaintiff has provided, and determines that the billings rates sought by each attorney, paralegal, and law clerk are reasonable, given their respective experience and expertise, and the current prevailing rates in the Middle District of Louisiana.

**B. Whether to Adjust Plaintiff's Lodestar Fee**

Now the Court must assess whether the lodestar figure should be adjusted upward or downward. *Migis*, 135 F.3d at 1047. The factors which justify an upward or downward adjustment of the lodestar fee have previously been identified.

Here, the Court finds that these factors do not warrant any additional adjustment from the lodestar amount. Accordingly, the Court determines that a fee award of **$296,703.75** is reasonable compensation for the attorneys' efforts in this case.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Re-Urged Motion for Award of Attorney's Fees (Doc. 149)** is **GRANTED**. Specifically, Plaintiff is awarded attorney's fees in the amount of **$296,703.75**.

Baton Rouge, Louisiana, this 20th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**